UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No: 17-50119
                                               Hon. Victoria A Roberts

v.

MAUREEN DARCEL MORTON,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S REQUEST FOR HEARING ABOUT THE GARNISHMENT AND CLAIM FOR EXEMPTIONS [DOC. 4] AND ORDER FOR GARNISHEE TO PAY**

**I. Procedural Posture**

Maureen Darcel Morton ("Morton") was ordered to pay $20,732.17 as restitution to Bank One for bank fraud, in violation of 18 U.S.C. § 1344.

The United States filed a Writ of Continuing Garnishment, directed to Garnishee Michigan Department of Treasury. Morton filed a Request for Hearing about the Garnishment and Claim for Exemptions, in which she asserts that her property cannot be garnished because it includes wearing apparel, school books, fuel, furniture, and personal effects. In its response, the Government says that Morton does not set forth a valid basis for a hearing since the issues to be considered at a hearing are limited by statute. The Michigan Department of Treasury did not file an answer.

The Court agrees with the Government; Morton's request is **DENIED.**

1

### II.  Rule of Law and Application to Defendant

The federal government has the authority to enforce monetary judgments under the Federal Debt Collection Procedures Act. 28 U.S.C. § 3202(a). Where no default judgment is at issue – which is the case here – "the issues at such hearing shall be limited-- (1) to the probable validity of any claim of exemption by the judgment debtor; [and] (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted." 28 U.S.C. § 3202(d).

Morton does not argue that the Government did not comply with statutes. And, the Government does not seek to take any of the property Morton is concerned about. Morton seems to suggest that she should receive a hearing to set-up a payment plan because she only stopped making payments when she stopped receiving billing statements six years ago.

While the statutory language requires that the court "shall hold a hearing…as soon as practicable," courts deny requests for hearings "where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *U.S. v. Miller*, 588 F. Supp. 789, 797 (W.D. Mich. 2008) (denying a hearing where debtor failed to identify any valid objections to the writ of garnishment). If a defendant/debtor does not raise either of the statutorily permissible issues in her request for a garnishment hearing, the request should be denied. *See also U.S. v. Mahar,* 42 F.3d 1389 (6th Cir. 1994) (debtor's claim of financial hardship was not a permissible subject for a § 3202(d) hearing); *U.S. v. Lawrence*, 538 F. Supp. 3d 1188,

1194 (D.S.D. 2008) ("If Congress wanted to allow for the equities present in each case to be delved into at a § 3202(d) hearing, then it most assuredly would have said so and expanded the scope of the statute accordingly.")

Morton's request is subject to 28 U.S.C. §3202(d). A hearing is limited to determining the validity of a claim for exemption, and the Government's compliance with statutory requirements – not to set-up a payment plan.  Because the Government will garnish her State of Michigan income tax refund and not any exempted property, a hearing is unnecessary.

The Court **DENIES** Morton's Request for Hearing about the Garnishment and Claim for Exemptions and **ORDERS** the Michigan Department of Treasury to pay **25% of non-exempt disposable income** to the U.S. Department of Justice.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  April 6, 2017

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Maureen Darcel Morton by electronic means or U.S. Mail on April 6, 2017.

s/Linda Vertriest
Deputy Clerk

---